Case 2:24-cv-00252-JAG    ECF No. 12    filed 09/29/25    PageID.1961    Page 1 of 7

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAWN L., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | No. 2:24-CV-00252-JAG <br><br> ORDER AFFIRMING DECISION OF THE ALJ |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF No. 9, 10. Attorney Maren Ann−Miller Bam represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant).[1] The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court affirms the ALJ's decision.

### I.    JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on September 10, 2020, alleging disability since

---

[1] Attorney David J. Burdett substituted for Attorney Frederick Fripps on September 19, 2025. ECF No. 11.

ORDER AFFIRMING ALJ'S DECISION - 1

January 1, 2018. Tr. 17, 77. Later, Plaintiff amended the onset date to May 1, 2021. Tr. 17, 308. Plaintiff alleged disability due to Lupus, Neuropathy, Anxiety, HBP, Bilateral Foot Pain and Edema, Bilateral Ankle Edema, Poor Memory, Poor Concentration, and Insomnia. Tr. 77. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 85 and 94. A hearing was held on August 28, 2023, at which vocational expert Sonia Masuga and Plaintiff, who was represented by Mark Bunch, testified. Tr. 45. ALJ Joseph Doyle presided. Tr. 45. The ALJ denied benefits on September 27, 2023. Tr. 14-42. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 25, 2024. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1969 and was 51 years old on the amended alleged onset date. Tr. 35. Plaintiff has no past relevant work. Tr. 35.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER AFFIRMING ALJ'S DECISION - 3

## V.    ADMINISTRATIVE FINDINGS

On September 27, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 37.

At *step one*, ALJ Doyle found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of May 1, 2021.  Tr. 19.

At *step two*, the ALJ found Plaintiff had the severe impairments of obesity, right elbow impairment (status-post surgery), systemic lupus erythematosus, major depressive disorder, anxiety disorder, learning disorder, insomnia, polysubstance use disorder, and post-traumatic stress disorder.  Tr. 19.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 23.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 416.967(c), with the following limitations:

> [Plaintiff] could occasionally climb; could frequently stoop and crouch; could frequently handle and finger objects with the dominant right upper extremity; could have only occasional exposure to weather, defined as outside atmospheric conditions; limited to the performance of simple, routine and repetitive tasks; limited to work in a low-stress environment defined as requiring only occasional decision-making and only occasional changes in work setting; and limited to only occasional interaction with the public and with co-workers.

Tr 26.

At *step four*, the ALJ found that Plaintiff had no past relevant work.  Tr. 35.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the

ORDER AFFIRMING ALJ'S DECISION - 4

national economy, including the jobs of Day Worker, Stores Laborer, and Production Helper. Tr. 36

The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 37.

## VI.   ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by failing to properly assess Plaintiff's subjective complaints resulting in an inaccurate RFC.

## VII.   DISCUSSION

The ALJ did not err; the ALJ properly assessed Plaintiff's subjective complaints, therefore the RFC provided to the vocational expert was accurate. The ALJ cited the medical record as well as Plaintiff's failure to seek treatment to support the finding that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 32. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but cannot serve as the sole ground for rejecting a claimant's symptom statements. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ provided a thorough review of Plaintiff's medical record in support of rejecting Plaintiff's complaints regarding her elbow pain. Tr. 29–31. The ALJ also relied on Plaintiff's failure to seek follow up care regarding her elbow pain in discounting Plaintiff's subjective claims. Tr. 31.

Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v.*

ORDER AFFIRMING ALJ'S DECISION - 5

*Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication). The ALJ noted that Plaintiff complained of ongoing symptoms and dysfunction, yet she had not sought treatment for her elbow injury since August 2022. Tr. 31. Inconsistency with the medical record coupled with a failure to seek treatment are legally sufficient reasons for discounting Plaintiff's subjective complains.

The ALJ also touched on Plaintiff's inconsistent statements when assessing the record. Although the ALJ did not explicitly rely on inconsistent statements when assessing symptoms, the ALJ noted that Plaintiff's statements appeared inconsistent regarding symptoms despite having been made close in time.[2] Tr. 28. An ALJ may consider inconsistent statements by a claimant in assessing her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Lack of

---

[2] "[I]n May 2021, on the day of her amended alleged onset date, she participated in a consultative exam conducted by Dr. Schneider (Ex. 5F). At the time, she admitted that her lupus had been stable for six months with treatment (Ex. 5F/2). However, she complained of fatigue and problems with prolonged standing (Ex. 5F/2). Yet, while she also described neuropathy, which she testified greatly limited her ability to be on her feet, this condition has been considered and found to be non-severe. In fact, it is generally not mentioned after July 2021. As of the early 2021 exam, she admitted preparing her own food, doing laundry and performing simple, routine chores as well as shopping with a friend weekly (Ex. 5F/3). Thes (*sic*) admissions are noteworthy as shortly thereafter she alleged difficulties with cooking, cleaning and doing laundry (Ex. 6F). Ultimately, she had admitted some activities of daily living at the early May 2021 exam." Tr. 28.

ORDER AFFIRMING ALJ'S DECISION - 6

support in the medical record, couple with inconsistent statements and failure to seek treatment provides an ample basis for the ALJ's findings.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1. Defendant's request to affirm the decision, **ECF No. 10**, is **GRANTED**.

2. Plaintiff's request to remand, **ECF No. 9**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 29, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE